Bill BUSBY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12902.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

Wilson Smithen, Chickasha, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Bill Busby, plaintiff in error, defendant below, from a conviction in the district court of Grady County, Oklahoma, for the unlawful sale of intoxicating liquor. 37 O.S.1951 § 1. Defendant was charged therein by information for said offense, after several former convictions (37 O.S.1951 § 1, and 37 O.S. 1951 § 12). He was tried by a jury, which fixed his punishment upon conviction at $2,000 fine, and six months in the county jail, and judgment and sentence was entered accordingly, from which this appeal has been perfected.

The contentions of the defendant are not separated, but are presented in shotgun fashion.

■ The guilt of the defendant in this case of selling intoxicating liquor is conclusive beyond any reasonable doubt, clearly established by the State's evidence through a member of the press, who made the purchase. The defendant offered no evidence in his own behalf.

While there are a few errors, none of them constitute grounds for reversal. They do, as contended by counsel for defendant, constitute grounds for modification. Some of those possessing some materiality are as follows:

(1) On the voir dire it appears until the court admonished the county attorney, he asked some of the jurors if they were familiar with the defendant's reputation. (2) The argument of the county attorney discloses resort to improprieties, such as reference to the fact that he did ask the defendant Busby to turn in his Federal liquor dealer's stamp.

■ If it were not for the overwhelming evidence of defendant's guilt, we would be compelled to reverse the case, but under the provisions of 22 O.S.1951, § 1066, the error creates a situation requiring modification, in keeping with the rule, where the Court of Criminal Appeals is of the opinion that the punishment is excessive and in part is the result of prejudice, the remedy is by modification, and not reversal. Johnson v. State, 70 Okl.Cr. 270, 106 P.2d 149; Daves v. State, 77 Okl.Cr. 343, 141 P.2d 603.

The judgment and sentence is modified to ninety days in jail, and a fine of $1,000, and as so modified, is affirmed.

POWELL, P. J., and NIX, J., concur.